CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v.
G. J. LONG.

Application No. 3823. Decided June 26, 1903.

**1.—Continuance—Bill of Exceptions.**

Without concurring in the ruling of the Court of Civil Appeals that appellant's bill of exceptions to the overruling his application for continuance was insufficient (the bill did not embrace the motion, but asked that it be made a part of the record together with the bill) the conclusion reached is affirmed on the ground that the application showed no sufficient ground for continuance. (P. 71.)

**2.—Continuance—Diligence.**

No sufficient diligence was shown by an application for continuance for a witness residing in another county, who had been present and testified on former trials of the case and had been notified to and had promised to attend in this instance, but whose deposition had never been taken or sought. (P. 71.)

**3.—Continuance—Materiality—Personal Injury.**

The testimony of an absent witness for defendant, in a suit for injury to the person, that plaintiff appeared to be in as good health since the injury as before, was not material unless shown to be so by other evidence. (Pp. 70, 71.)

Application for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Montague County.

The opinion of the Court of Civil Appeals, to be published in 32 Texas Civ. App., —, 74 S. W. Rep., 79.

*Jas. A. Graham, Jno. M. Chambers, N. H. Lassiter,* and *Robert Harrison,* for petitioners.—The Court of Civil Appeals erred in overruling the first assignment of error presented to it wherein it is complained that the trial court erred in overruling defendant's motion for a continuance, which assignment is as follows: "The court erred in overruling this defendant's motion for a continuance, and in forcing the defendant to a trial, as shown in bill of exception number 2, which is hereby referred to and made a part hereof."

The Court of Civil Appeals erred in refusing to sustain this assignment for the following reasons: It was error to refuse defendant's application for a first continuance, as due diligence had been shown to procure the testimony, and the fact that the plaintiff agreed to allow the defendant to read in evidence the testimony of one of the witnesses as given at a former trial of the case, was not sufficient to deprive the defendant of a right to have the case continued. And the fact that the bill of exception does not contain the motion for continuance is no good ground for overruling the assignment, when the motion for continuance is set forth in full in the record.

Statement: Bill of exception number 2 is as follows: "Be it remembered that prior to announcement in the above numbered and entitled cause, defendant presented to the court a motion for a first continuance, on the ground of the absence of certain material witnesses therein named, which motion for a continuance was by the court overruled and the defendant was compelled to go to trial, to which action of the court

in overruling said motion for continuance, this defendant then and there in open court excepted and here tenders its bill of exception number 2, and asks that the same be allowed, and together with defendant's said motion for continuance, be made a part of the record in this case. This bill is approved with this explanation, viz: Plaintiff agreed that he would allow defendant to read in evidence the testimony of said Hill, given on a former trial of this court, as it appeared in the statement of facts agreed upon by the parties upon the last trial of this cause, and upon such offer being made by plaintiff, I overruled said application for continuance, and the defendant did read said agreed statement in evidence to the jury."

Defendant's motion for a continuance is as follows:

"Now comes the defendant and says that it can not safely go to trial at the present term of this court, because of the absence of the witnesses Oscar Hill and Elmer Smith, whose testimony is material to the defense herein. That said Elmer Smith resides in Montague County, Texas, and was duly subpoenaed herein on the 12th day of July, 1902, to be present at this court in this cause on this day. That the witness, Oscar Hill, resides in Cooke County, Texas. That this cause has been twice tried heretofore and said witness Hill attended in person as a witness for defendant at both of said trials, and testified therein, and agreed to attend in said cause whenever requested. That defendant desired the personal attendance of said witness instead of depositions, as his testimony is very material herein, he being one of the eyewitnesses to the accident in which plaintiff was hurt. Defendant does not know the cause of the absence of either of said witnesses. That due diligence had been used to procure the attendance of said witness Smith, and as to said Hill, the diligence had been used as above stated, and he has been called upon within the last week and informed of the date of this trial in ample time to have been here, and then promised that he would be in attendance. That by the witness Hill the defendant can prove that he was on the hand car which ran over plaintiff. That the car was not going over six or eight miles an hour. That the parties on the car called to plaintiff in full time to have enabled plaintiff to get out of the way of the car. That plaintiff looked back and saw the car in ample time to have gotten out of the way, and was then in such a position that if he had tried, he could have stepped aside and let the car pass him in safety. That the brother of the plaintiff was in the same position as plaintiff and that he got out of the way. That the car and brake was in good condition and could be stopped as readily and easily as any car, and the brake was of the best kind in use. That it was usual and customary for the section men to step aside, when on a trestle, and let the car pass, and that it was perfectly safe for one to do so. That witness was assisting in operating the car, and the parties operating the car knowing that plaintiff knew that it was coming, supposed he would get out of the way; and that after they discovered that he would likely not get out of the way, did all in their power to stop the car and avoid

injuring him.  By the witness Elmer Smith defendant expects to prove, and can prove, that the witness had been acquainted with plaintiff since long before the injury complained of, and had opportunities for observing him, and did observe him all along since prior to his accident, and that with the exception of a few weeks after the accident, he, plaintiff, has been in apparently as good health as before the accident and in as good physical condition.  That this is a first application for a continuance by defendant, and that same is not made for delay, but that justice may be done." Railway Co. v. Mitchell, 18 Texas Civ. App., 380; Dall v. Mundine, 84 Texas, 318; Maughmer v. Behring, 19 Texas Civ. App., 299.

GAINES, CHIEF JUSTICE.—We are of opinion that the application for writ of error in this case should be refused, and it is accordingly so ordered.  But without further time for examination of the authorities, we are not prepared to concur in the action of the Court of Civil Appeals in refusing to consider the question of the correctness of the ruling of the trial court in refusing the application for continuance.  We think the application was not sufficient.  There was no diligence shown as to one of the witnesses.  He lived in another county from that in which the trial was had and his deposition should have been taken.  It does not appear to us that the testimony of the other witness was shown to be material.  Therefore if the Court of Civil Appeals was in error in refusing to consider the assignment which raised the question the error was harmless.

*Writ of error refused.*